# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**SAM WEBSTER WALLACE**                                                           **PETITIONER**

**V.**                                   **CIVIL ACTION NO.:  3:16CV135-MPM-SAA**

**SUPT. EARNEST LEE and**
**ATTORNEY GENERAL JIM HOOD**                                                   **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Sam Webster Wallace, a Mississippi inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Wallace has responded.  For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

### Facts and Procedural History

Wallace was convicted of the sale of cocaine in the Circuit Court of DeSoto County, Mississippi.  Doc. # 11-1.  On January 3, 2012, the court sentenced him as an habitual offender to serve a term of life in the custody of the Mississippi Department of Corrections.  Doc. # 11-2.  On appeal, the judgment of the circuit court was affirmed.  *Wallace v. State*, 139 So. 3d 75 (Miss. Ct. App. 2013) *reh'g denied* February 11, 2014 *cert. denied* May 29, 2014 (Cause No. 2012-KA-00310-COA).  Wallace did not seek certiorari review with the United States Supreme Court.

On April 29, 2015, Wallace filed an "Application for Leave to Proceed in the Trial Court with Motion to Vacate Conviction and Sentence" and its related "Memorandum of Authorities"

in Mississippi Supreme Court Cause No. 2015-M-00709.[1]  Doc. #11-4.  On October 6, 2015, the

Mississippi Supreme Court denied his application.  Doc. #11-7.  Thereafter, Wallace filed the

instant petition for federal habeas relief.  Wallace did not sign nor date his federal habeas

petition, but it was stamped "filed" in this Court on June 24, 2016.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the

Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Egerton v. Cockrell*, 334

F.3d 433, 436 (5th Cir. 2003).  The issue of whether Respondents' motion should be granted

turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion
> > of direct review or the expiration of the time for seeking such
> > review;
> >
> > (B) the date on which the impediment to filing an application
> > created by State action in violation of the Constitution or the laws
> > of the United States is removed, if the applicant was prevented
> > from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made retroactively
> > applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims
> > presented could have been discovered through the exercise of due

---

[1] Though irrelevant to the Court's calculation of time in this matter, the Court notes that Wallace filed a motion to vacate his sentence in the DeSoto County Circuit Court that was dismissed by the trial court for lack of jurisdiction during the pendency of his post-conviction action.  *See* docs.# 11-5 and #11-6.

2

diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period" of time to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Wallace did not seek certiorari review with the United States Supreme Court, his judgment became "final" for purposes of the AEDPA, and thus the federal limitations clock began to run, on August 27, 2014, which is ninety days after the Mississippi Supreme Court denied his petition for writ of certiorari (May 29, 2014 plus 90 days).[2] *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'— when the time for pursuing direct review in this Court, or in state court, expires"); Sup. Ct. R. 13.1 (allowing ninety days to seek certiorari to review judgment from state court of last resort). Therefore, absent statutory or equitable tolling, Wallace's petition for federal habeas relief was due on or before August 27, 2015, to be deemed timely.

Wallace is entitled to statutory tolling for 160 days — the pendency of his application to the Mississippi Supreme Court (April 29, 2015, through October 6, 2015). Accordingly, his petition was due in this Court on or before February 3, 2016 (August 27, 2015 plus 160 days).

---

[2] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

Under the "mailbox rule," the Court considers Wallace's federal habeas petition filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Wallace did not sign or date the instant petition. Because it was received in the district court on June 24, 2016, however, the Court applies the general three-day mailing rule and deems it filed on June 21, 2016. *See, e.g.,* Federal Rule of Civil Procedure 6(d). Therefore, Wallace filed his petition after expiration of the federal deadline, and the Court may review the merits of his claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citations omitted). Wallace has presented no argument as to why he is entitled to a tolling of the limitations period, and the Court finds that equitable tolling is not warranted in this case.

Wallace, however, also claims that he is actually innocent of the crime of conviction, as the audio tape produced by the informant to whom he sold drugs reveals that no illegal transaction actually occurred. *See* doc. #12 at 3. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The requirement of "proof" is not met, however, unless the petition "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Wallace has produced no new evidence to support his claim; he argued this same claim in his

4

direct appeal. *See, e.g., Wallace*, 139 So. 3d at 78. Moreover, the confidential informant and police officers testified at trial that Wallace sold cocaine to the confidential informant. *Id*. Accordingly, he has failed to show his actual innocence of this crime.

In sum, Wallace's petition is untimely, and Respondents' motion should be granted.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Wallace must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Wallace must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

### Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244" [11] and **DISMISSES** with prejudice the petition filed in this cause. The Court further **ORDERS** that a certificate of appealability be denied. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 14th day of September, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**