# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**SAM WEBSTER WALLACE**                                                       **PETITIONER**

**V.**                                             **CIVIL ACTION NO.: 3:16CV135-MPM-SAA**

**SUPT. EARNEST LEE and**
**ATTORNEY GENERAL JIM HOOD**                                      **RESPONDENTS**

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the Court on Sam Wallace's motion for rehearing of the Court's September 14, 2016, judgment denying his petition for federal habeas relief. The Court construes the instant motion as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e). An order granting Rule 59(e) relief is appropriate (1) when there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Wallace's petition was dismissed by this Court as untimely. *See* docs. # 13 and #14. In the instant motion, he argues that his access to legal materials is insufficient for him to adequately present his claims and defenses. He also complains that it appears as though the memorandum in support of his petition was not received by either the Court or the respondents. He additionally appears to argue that this Court improperly penalized him for failing to seek certiorari review with the United States Supreme Court, and he maintains that his counsel was paid to complete an appeal but abandoned his duty to do so. *See* doc. #16. He claims that these failures, combined with the constitutional errors alleged in his petition, should constitute an exception to the federal statute of limitations in 28 U.S.C. § 2244.

The Court finds that none of Wallace's arguments warrant relief under Rule 59. First, the

Court received Wallace's amended petition (presumably the memorandum he references in the instant motion) on July 8, 2016. *See* doc. #5. It also received his response to the respondents' motion to dismiss the petition as untimely on September 6, 2016. *See* doc. #12. Therefore, Wallace had ample opportunity to explain to the Court why his petition should not be deemed untimely, and any alleged failures of the prison mailing system or legal assistance program is insufficient to warrant relief. *See, e.g., Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (citation omitted). Second, the Court notes that it did not penalize Wallace for failing to seek certiorari review with the Supreme Court. Rather, it explained that Wallace's state-court judgment did not become final for federal limitations purposes until the time to seek certiorari review had expired. *See* doc. #13 (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012)). Finally, although it has no impact on the calculation of the federal imitations period, the Court notes that Wallace did have the assistance of counsel in fully exhausting his direct appeal. *Wallace v. State*, 139 So. 3d 75 (Miss. Ct. App. 2013) *reh'g denied* February 11, 2014 *cert. denied* May 29, 2014 (Cause No. 2012-KA-00310-COA).

In sum, because he has not proven any justification that would warrant amendment of the judgment in this case, Wallace's motion [16] is **DENIED**. A certificate of appealability ("COA") is likewise **DENIED**, because reasonable jurists would not disagree with the Court's resolution of these matters. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED** this the 6th day of October, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**